## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BORAM PHARM. CO., LTD.,

    Plaintiff,

vs.

LIFE TECHNOLOGIES CORPORATION,

    Defendant.

C.A. No. 1:10-cv-00031-HB

**JURY TRIAL DEMANDED**

## DEFENDANT LIFE TECHNOLOGIES CORPORATION'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

OF COUNSEL:

MATTHEW D. MURPHEY
CA State Bar No. 194111
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060
mmurphey@gordonrees.com

ADAM M. TSCHOP
CA State Bar No. 209767
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92009
Telephone:  (760) 603-7200
Facsimile:  (760) 602-6500
adam.tschop@lifetech.com

Dated: June 14, 2010

Mary B. Matterer (#2696)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
mmatterer@morrisjames.com
*(302)888-6800*
*Attorneys for Defendant*
*Life Technologies Corporation*

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF MATERIAL FACTS.............................................................. 1

III.      LEGAL STANDARD.................................................................................. 3

IV.       ARGUMENT ............................................................................................... 4

   A.   This Suit Could Have Been Filed In the Southern District of California. ........ 4

   B.   The Private Interest Factors Support Transferring This Litigation to the
        Southern District of California........................................................................... 5

        i.    Plaintiff Has No Connection to This Forum. ............................................. 5

        ii.   Defendant Prefers Litigating this Matter in the Southern  District of
              California. ................................................................................................. 6

        iii.  The Claim Arose in California.................................................................... 7

        iv.   The Convenience of the Parties Favors Transfer....................................... 7

        v.    Witness Convenience Favors Transfer. ..................................................... 9

        vi.   Relevant Books and Records are Located Within the Southern District of
              California. ................................................................................................. 9

   C.   The Public Interest Factors Support Transferring This Litigation To The
        Southern District Of California For The Convenience Of The Parties........... 10

        i.    A Change of Venue Would Not Affect the Enforceability of the Judgment
              Rendered. ................................................................................................ 10

        ii.   Practical Considerations Favor Transfer................................................. 10

        iii.  Administrative Difficulties Flowing From Court Congestion are More
              Likely In the District of Delaware. ......................................................... 10

        iv.   The Local Interest in This Case is Stronger in the Southern District of
              California. ............................................................................................... 11

        v.    There Are No Significant Public Policy Differences Between the Two
              Districts................................................................................................... 11

V.    CONCLUSION.................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.*
  28 F. Supp. 2d 192 (D. Del. 1998) .................................................................................9

*APV North America, Inc. v. Sig Simonazzi North America, Inc.*,
  295 F. Supp. 2d 393 (D. Del. 2002) ............................................................................ 6

*Arrow Commun. Labs., Inc. v. John Mezzalingua Assocs.*,
  Case No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004 *1, *7 (D. Del. October 26,
  2005) ............................................................................................................................ 5

*Ballard Medical Products v. Concord Laboratories, Inc.*,
  700 F. Supp. 796 (D. Del. 1988) ............................................................................ 4, 7

*Burstein v. Applied Extrusion Techs. Inc.*,
  829 F. Supp. 106 (D. Del. 1992) ............................................................................... 5

*Cf. Derry Fin. N.V. v. Christiana Cos., Inc.*
  555 F. Supp. 1043 (D. Del. 1983) ............................................................................ 7

*Chrysler Capital Corp. v. Woehling*,
  663 F. Supp. 478 (D. Del. 1987.) ............................................................................. 5

*Clopay Corp. v. Newell Cos.*,
  527 F. Supp. 733 (D. Del. 1981) .............................................................................. 4

*Cont'l Grain Co v. Barge F.B.L. 585,*
  364 U.S. 18 (1960) ..................................................................................................... 3

*In re Balsimo*,
  68 F.3d 185 (7th Cir. 1995) ...................................................................................... 3

*In re United States*,
  273 F.3d 380 (3d Cir. 2001) ...................................................................................... 3

*In Re Volkswagen AG*,
  371 F. 3d 201 (5th Cir. 2004) ................................................................................ 11

*Jahncke Service Inc. v. OKC Corp.*
  301 F. Supp. 866 (D. Del. 1969) ........................................................................... 8, 9

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) .................................................................................... 3, 4

*Koster v. Lumbermens Mutual Casualty Co.*,
    330 U.S. 518 (1947)...............................................................................................6

*Media Group v. Turtle Wax*,
    Case No. 96-234 MMS, 1996 U.S. Dist. LEXIS 19850 *1, *12 (D. Del. December 12,
    1996) .....................................................................................................................5

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*
    77 F. Supp. 2d 505 (D. Del. 1999)..........................................................................6

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)............................................................................................ 11

*Qunetiq Ltd. v. Oclaro, Inc.*,
    Case No. 09-372 (JAP), 2009 U.S. Dist. LEXIS 118348, *1, *11 (D. Del. December
    18, 2009) ...............................................................................................................8

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970).....................................................................................3

*Sports Eye, Inc. v. Daily Racing Form, Inc.*,
    565 F. Supp. 634 (D. Del. 1983).............................................................................6

*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
    Case No. 08-838-SLR, 2009 U.S. Dist. LEXIS 13743, *1 (D. Del. February 24, 2009)6

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).............................................................................................3

## Statutes

28 U.S.C. § 1400(b) ................................................................................................ 4, 9

28 U.S.C. § 1404(a) ................................................................................................... 12

35 U.S.C. § 271........................................................................................................ 4, 7

Federal Rules of Civil Procedure, Rule 45(c)................................................................ 9

Defendant Life Technologies Corporation. ("LIFE" or "Defendant") moves the Court to transfer Plaintiff's claim against it to the Southern District of California.[1]  In support of this motion, LIFE respectfully offers the following:

## I.    INTRODUCTION

This lawsuit has no connection to the District of Delaware and is ripe for transfer to the Southern District of California, a venue with a significant relationship to this case.  Plaintiff Boram Pharm. Co., Ltd. ("BORAM" or "Plaintiff") is a South Korean company with no apparent connection to this District other than having selected it for this lawsuit.  LIFE employs only six Delaware-based employees and those employees have no specific relationship to the accused product.  Accordingly, LIFE, too, has no meaningful relationship with Delaware for the purposes of this case.  Rather, most of LIFE's probable witnesses and documentary evidence are located at its principal place of business in Carlsbad, California (which is in the Southern District of California).

Moreover, the accused product was researched, developed, tested, is manufactured in, and sold from the Southern District of California.  Additionally, all marketing, sales or other business decisions are made in California.  In fact, LIFE's most significant connection to this District is simply that it is incorporated in Delaware.

## II.    STATEMENT OF MATERIAL FACTS

BORAM, a South Korean company whose principal place of business is also in South Korea, is the alleged assignee of U.S. Patent No. 7,319,001.  *See* BORAM's Complaint, at ¶¶ 1, and 7-10.  The patent is related to technology used to produce and screen recombinant viruses.[2] BORAM alleges that LIFE infringes that patent through its marketing, sale and manufacture of its product, BaculoDirect™ Baculovirus Expression System (the "Accused Product").  *Id.* at ¶ 11.

---

[1]     This Motion is supported by the Declaration of Kevin Lowitz ("Lowitz Decl.")
[2]     Paragraph 7 of the Complaint refers to U.S. Patent Number 7,319,001 entitled: High Throughput System for Producing Recombinant Viruses Using Site-Specific Recombination."

BORAM filed this case in this District even though this forum is foreign to it and remote to the probable key witnesses and documents in this dispute.   While LIFE is a Delaware corporation, its principal place of business is in Carlsbad, California.  Lowitz Decl., ¶ 3.  LIFE has no business operations in Delaware relevant to the instant litigation.  Lowitz Decl., ¶ 4.  The Accused Product was researched, developed, tested, manufactured in, and sold from the Southern District of California. Lowitz Decl., ¶ 3.  Further, all marketing, sales or other business decisions related to the accused product are made in California.  Lowitz Decl., ¶ 3.  To further show the lack of meaningful connection to this forum, LIFE is aware of a mere seven sales of the Accused Product in Delaware, and none of these sales have occurred since 2007.  Lowitz Decl., ¶ 5.

Conversely, LIFE has sold over 100 units of the Accused Product in California.  Lowitz Decl., ¶ 5.  All of LIFE's research, development, sales and other documents relevant to the accused product are stored at LIFE's headquarters in Carlsbad, California.  Lowitz Decl., ¶¶ 3, 8.  Any and all LIFE employees, researchers, and managers who would likely be key witnesses in this case work and live within the Southern District of California, including at least the following:

- Rob Bennett, Julia Fletcher, Federico Katzen, and Toni Kudlicki – LIFE employees involved in the research and development of the Accused Product.

- William Dietrich – Manager, LIFE Market Development, with past marketing responsibility for the Accused Product;

- Ingrid Ensch-Lozano –  past Product Manager, LIFE, for the Accused Product;

- Traci Libby – Director, LIFE Corporate Development, with personal knowledge of in-licensing and acquisition of intellectual property for LIFE;

- Kevin Lowitz – current Product Manager, LIFE, for the Accused Product;

- Balwant Patel – Leader, LIFE Market Development, with current marketing responsibility for the Accused Product;  and

- Weidong Zheng - Senior Manager, LIFE Global Pricing Analytics, with personal knowledge of information regarding sales of the Accused Product.

2

Lowitz Decl., ¶ 6.

### III.   <u>LEGAL STANDARD</u>

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The statute aims to protect litigants, witnesses, and the public against unnecessary inconvenience and expense and prevent waste of time, energy, and money.  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co v. Barge F.B.L. 585,* 364 U.S. 18, 26-27 (1960)).  The § 1404(a) analysis addresses two principal questions: (1) could the suit have been brought in the transferee district, and (2) in which district would the proper administration of justice be best served.  The first step is mechanical, as the Court has the power to transfer an action pursuant to the statute "only if the plaintiff had an unqualified right to bring the action in the transferee forum at the time of the commencement of the action."  *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24 (3d Cir. 1970), *cert. denied,* 401 U.S. 910 (1971).

The second step is discretionary, and the Court must determine whether the interests of justice favor transfer by balancing certain private and public interest factors protected by the language of § 1404(a).  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  The Court of Appeals for the Third Circuit has emphasized this is a broad inquiry in which a district court must examine "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Id.*  Significantly, however, the moving party is not required to show "truly compelling circumstances for . . . change . . . [of venue, but rather, that] all relevant things considered, the case would be better off transferred to another district."  *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (citing *In re Balsimo*, 68 F.3d 185, 186 (7th Cir. 1995)).

While there "is no definitive formula or list of factors to consider," *Id.*, the *Jumara* Court identified potential factors that it characterized as either "private" or "public" interests to be considered by Courts ruling on § 1404(a) motions within this judicial district.   The private

interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records. *Id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

## IV.   **ARGUMENT**

### A.   *This Suit Could Have Been Filed In the Southern District of California.*

Venue in patent infringement cases is governed by 28 U.S.C. § 1400(b). *Ballard Medical Products v. Concord Laboratories, Inc.,* 700 F. Supp. 796, 798 (D. Del. 1988). That statute provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a  regular and established place of business.

For venue purposes, an act of infringement is defined as the unauthorized making, using, or selling of a patented invention. *Id.   See also* 35 U.S.C. § 271. To support a finding that a defendant has a "regular and established place of business," a defendant must be "regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control." *Clopay Corp. v. Newell Cos.*, 527 F. Supp. 733, 740 (D. Del. 1981).

It is undisputed that LIFE's principal place of business is in Carlsbad, California, located within the Southern District of California. *See* BORAM's Complaint, ¶ 2; LIFE'S Answer and Counterclaims, ¶ 2; Lowitz Decl., ¶ 3. All decisions related to the research, development,

4

manufacture, marketing, and sale of the Accused Product are made at LIFE's Carlsbad headquarters, the home of LIFE's executive management team. Lowitz Decl. ¶ 3. Moreover, sales of the Accused Product are processed in Carlsbad, and the product itself is made and shipped from Carlsbad. Lowitz Decl. ¶ 3. As such, LIFE has a regular and established place of business within the Southern District of California, and that is a location where much of the alleged infringing activity occurred. Accordingly, BORAM could have filed this case in the Southern District of California, which weighs in favor of transfer pursuant to § 1404(a).

**B.      *The Private Interest Factors Support Transferring This Litigation to the Southern District of California.***

**i.      Plaintiff Has No Connection to This Forum.**

In deciding motions to transfer pursuant to § 1404(a), this Court has developed a concept known as the "home turf" rule. "Home turf" refers to the forum closest to the plaintiff's residence or principal place of business in which the party can effect personal service over the principal defendant. "The 'home turf' rule holds that if Delaware is a plaintiff's 'home turf,' the presumption against transfer is especially strong." *Media Group v. Turtle Wax*, Case No. 96-234 MMS, 1996 U.S. Dist. LEXIS 19850 *1, *12 (D. Del. December 12, 1996). If, however a plaintiff chooses a forum that is not its home turf and has "no connection to himself or the subject matter of the suit, the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer." *Chrysler Capital Corp. v. Woehling,* 663 F. Supp. 478, 482 (D. Del. 1987.)

Here, Plaintiff is a South Korean company whose principal place of business is also in South Korea. *See* BORAM's Complaint, ¶ 1. Because Delaware is not BORAM's "home turf", its choice of Delaware as a forum should be accorded less deference in determining whether to transfer the case to California. As such, the amount of inconvenience to defendant needed to tip the balance of in favor of transfer is reduced. *Arrow Commun. Labs., Inc. v. John Mezzalingua Assocs.*, Case No. 05-357-SLR, 2005 U.S. Dist. LEXIS 25004 *1, *7 (D. Del. October 26, 2005), citing *Burstein v. Applied Extrusion Techs. Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992) (citing

*Sports Eye, Inc. v. Daily Racing Form, Inc.*, 565 F. Supp. 634, 637 (D. Del. 1983)).

> ## ii.   *Defendant Prefers Litigating this Matter in the Southern District of California.*

Litigating in this District would be less convenient for LIFE and its likely witnesses than litigating in the Southern District of California.  LIFE maintains no facilities in Delaware and the few employees that live in Delaware do not have information relevant to this litigation.  Lowitz Decl., ¶ 4.  LIFE also does not manufacture any of its products (accused or otherwise) or conduct any of its research and development in Delaware.  Lowitz Decl., ¶ 4.  LIFE maintains no warehouses or other storage facilities in Delaware, and it does not store any relevant files, records, or other documents in this District.  Lowitz Decl., ¶ 4.

LIFE's most significant connection to this forum is the fact that it is a Delaware corporation.  However, LIFE's mere status as a Delaware corporation is not entitled to great weight in determining whether to grant this motion to transfer, because LIFE is a defendant with its principal place of business elsewhere, and the plaintiff BORAM likewise has its principal place of business elsewhere and is not a Delaware corporation.  *See Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527-28 (1947); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, Case No. 08-838-SLR, 2009 U.S. Dist. LEXIS 13743, *1 (D. Del. February 24, 2009) (motion to transfer granted upon consideration that Defendant's only connection to Delaware was its incorporation within the state); *APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F. Supp. 2d 393, 395 (D. Del. 2002) (where an alternative forum is more convenient and has more substantial connections with the litigation incorporation in Delaware will not prevent transfer); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509 n.6 (D. Del. 1999) (while a defendant's state of incorporation is relevant to a venue transfer inquiry, it is not dispositive).

LIFE would prefer to litigate this matter in the Southern District of California as it is the district embracing LIFE's principal place of business and is a more convenient forum.  Lowitz Decl., ¶ 8.  Given that all of LIFE's key potential witnesses work and live in the Southern

District of California, having a trial in that locale would limit disruption of LIFE's business operations as well as the unnecessary consumption of financial resources associated with travel to and lodging in Delaware.  It will be easier to produce any books and records relevant to the Accused Product in the Southern District of California as this is where those documents are regularly stored.  Lowitz Decl., ¶ 8.

### iii.    The Claim Arose in California.

As set forth above, an act of infringement is defined as the unauthorized making, using, importing, selling or offering to sell a patented invention.  *Ballard Medical Products,* 700 F. Supp. at 799; *see also* 35 U.S.C. § 271.  The Accused Product is made in California and there were over ten times more sales of the Accused Product in California than in Delaware.  Thus, significantly more alleged infringing activity occurred in the Southern District of California than in Delaware.  This factor also favors transfer.

### iv.    The Convenience of the Parties Favors Transfer.

Litigating this matter in the Southern District of California would be more convenient for all parties involved.  *Cf. Derry Fin. N.V. v. Christiana Cos., Inc.,* 555 F. Supp. 1043, 1045 (D. Del. 1983) (denying motion to transfer when transfer would simply shift the inconvenience from one party to another instead of reducing the overall level of inconvenience).  Because plaintiff's representatives and witnesses are likely to be traveling to the United States from South Korea for trial, mediation, and/or other hearings or conferences, convenience factors must account for the ease with which plaintiff will be able to travel to the forum.

There are at least three major airports in and around the Southern District of California, and there are many nonstop flights available from Seoul, South Korea to Los Angeles, California.[3]  From there, it is a short drive to the courthouse for the Southern District of

---

[3]      See, e.g., <http://travel.travelocity.com/flights/AirSearch.do?SEQ=12762911382735112010>, <http://www.expedia.com/pub/agent.dll?qscr=fexp&flag=q&city1=Seoul%2C+Korea%2C+Republic+of+%28ICN %2DInchon+International%29&citd1=lax&date1=7/26/2010&time1=362&date2=8/26/2010&time2=362&cAdu=1 &cSen=&cChi=&cInf=&infs=2&tktt=3&stkc=1&tktc=1&trpt=2&ecrc=&eccn=&qryt=8&load=1&airp1=ICN&dair 1=&rdct=1&rfrr=-429>.

California.  Travel from South Korea to Delaware would likely be significantly more difficult and time consuming.  As a threshold matter, the Court may judicially notice that there are no international airports in the State of Delaware.  The closest major airports are in Washington, D.C., Baltimore, Maryland, Philadelphia, Pennsylvania, Newark, New Jersey, and New York City.  There are limited non-stop flights between Seoul and Washington, D.C. and New York's JFK airport, and travelers from South Korea would have to travel through Los Angeles, San Francisco or other ports to arrive at Philadelphia, Newark or Baltimore before driving to the federal courthouse in Wilmington, Delaware.[4]

All of LIFE's employees and records having anything whatsoever to do with the Accused Product are in California.  *See Jahncke Service Inc. v. OKC Corp.,* 301 F. Supp. 866, 868-869 (D. Del. 1969) (compelling factor in granting transfer is that all witnesses are located in transferee forum).  Upon information and belief, LIFE asserts that all of the Plaintiff's party witnesses reside and work in South Korea, and all of its relevant documents are also located there.  Considering that none of the likely key party witnesses for either party reside in or near the District of Delaware, the financial costs and time expense of travel for such witnesses to attend trial or other hearings would be greatly increased if the trial took place in Delaware rather than the Southern District of California, where at least LIFE's party witnesses could return home at the end of the day.  Accordingly, this factor weighs heavily in favor of transfer to the Southern District of California.

Moreover, inasmuch as Plaintiff is a Korean corporation, without any apparent offices, property, employees, or records in the United States, it is at least equally convenient for Plaintiff to litigate this matter in the Southern District of California as it is in Delaware.  *See Qunetiq Ltd. v. Oclaro, Inc.,* Case No. 09-372 (JAP), 2009 U.S. Dist. LEXIS 118348, *1, *11 (D. Del.

---

[4]       See, e.g.< http://www.expedia.com/pub/agent.dll> <http://www.expedia.com/pub/agent.dll>, <http://www.expedia.com/pub/agent.dll?qscr=fexp&flag=q&city1=Seoul%2C+Korea%2C+Republic+of+%28ICN %2DInchon+International%29&citd1=jfk&date1=7/26/2010&time1=362&date2=8/26/2010&time2=362&cAdu=1 &cSen=&cChi=&cInf=&infs=2&tktt=3&stkc=1&tktc=1&trpt=2&ecrc=&eccn=&qryt=8&load=1&airp1=ICN&dair 1=&rdct=1&rfrr=-429>

December 18, 2009) (transfer motion granted when it is equally convenient for British corporate plaintiff with no American operations to litigate in Northern District of California against corporate defendant incorporated in Delaware but with no business operations in that state and principal place of business in transferee district).

####        v.        **Witness Convenience Favors Transfer.**

Under Rule 45(c)(3)(B)(iii), a subpoena is subject to quash if it requires "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." Fed. R. Civ. P. 45(c)(3)(B)(iii).  Moreover, "the mere assurance that witnesses will appear at trial is not the same thing as having them amenable to the subpoena power of the trial court." *Affymetrix, Inc. v. Synteni, Inc.,* 28 F. Supp. 2d 192, 205 (D. Del. 1998) (citing *Jahncke Service, Inc. v. OKC Corp.,* 301 F. Supp. 866, 868 (D. Del. 1969))

Here, LIFE is unaware of any witnesses located within the District of Delaware or within 100 miles thereof.  To the extent that there are non-party witnesses are outside of the Court's subpoena power, this Court cannot guarantee that they will appear for trial.  Conversely, LIFE is aware of certain non-party witnesses with first-hand knowledge of the events giving rise to this lawsuit who reside or work within 100 miles of the Southern District of California.  If this matter is transferred there, that court will have subpoena power over those witnesses.  Lowitz Decl., ¶ 7. Because no known witnesses are located in Delaware, this factor weighs in favor of transferring the case.

####        vi.        **Relevant Books and Records are Located Within the Southern District of California.**

The Southern District of California would provide much greater ease of access to sources of proof.  All of LIFE's documents and facilities related to any research, development, manufacture, marketing or sale of the Accused Product are located in the Southern District of California.  Neither BORAM nor LIFE have offices in the District of Delaware, and LIFE does

not store any documents there.[5]  This relative ease of access to sources of proof strongly favors a transfer of venue to the Southern District of California.

       **C.**       ***The Public Interest Factors Support Transferring This Litigation To The Southern District Of California For The Convenience Of The Parties.***

       **i.**       **A Change of Venue Would Not Affect the Enforceability of the Judgment Rendered.**

There are no foreseeable problems enforcing a judgment rendered in either the District of Delaware or the Southern District of California.  Accordingly, this factor does not weigh against transfer and is, at worst, neutral.

       **ii.**       **Practical Considerations Favor Transfer.**

The present litigation is in its early stages.  The Court has not issued a scheduling order establishing the trial date or other deadlines for this case.  No discovery has been served or exchanged, and the parties have not made their Rule 26(a) initial disclosures.  Accordingly, there will be no prejudice to BORAM if this case is transferred.  Further, the practical considerations of cost and witness availability addressed in the private factors also favor transfer for this public factor.

       **iii.**       **Administrative Difficulties Flowing From Court Congestion are More Likely In the District of Delaware.**

Transferring this case to the Southern District of California will promote judicial economy and improve the convenience of the parties.  According to statistics available at the website of the United States Courts, the median time interval from filing to disposition of civil cases was 32.2 months in the District of Delaware as compared with 26.7 months in the Southern District of California.  Thus, according to the U.S. Courts' own statistics, the parties will resolve this case 5.5 months faster in the Southern District of California than they will in the District of Delaware.  This significant reduction in time will increase the efficiency of the litigation, will

---

[5]   Although advances in copying technology and information storage have made remote access to documents less burdensome, it is still more burdensome than accessing the information locally.

promote judicial and party economy, will not contribute to court congestion, and will likely expedite adjudication of the dispute.  Accordingly, this factor weighs in favor of transfer as well.

### iv. The Local Interest in This Case is Stronger in the Southern District of California.

The District of Delaware has no particularized local interest in adjudicating this case. And, because this is not BORAM's home forum, its selection should be given little, if any, deference.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

Conversely, the Southern District of California has a much higher local interest in this case.  Research and development for the Accused Product took place in Carlsbad, California at LIFE's principal place of business and these individuals still work in Carlsbad.  Furthermore, LIFE is aware of many more sales of the Accused Product in the Southern District of California as compared with the scant number of sales (seven, to be precise) that occurred in this district. As a result, the potential jurors in the Southern District of California have a more substantial interest in this dispute.  There is little corresponding interest in the District of Delaware, and the adjudication of this dispute would place an unfair burden on Delaware's potential jurors.

The mere fact that a product is available in a district is not sufficient ground to overcome the legitimate local interests of the citizens of California in adjudicating this dispute.  *In Re Volkswagen AG,* 371 F. 3d 201, 205-206 (5th Cir. 2004) (holding that a product's availability within a district does not override local interest in adjudicating local dispute).  Since the most significant connection that the District of Delaware has with this dispute is that the Accused Product may be generally available there, there is no reason to ignore the genuine interest that the citizens of California may have in this dispute or to burden the citizens of Delaware.  For all these reasons, this factor weighs in favor of a transfer of venue to the Southern District of California.

### v. There Are No Significant Public Policy Differences Between the Two Districts.

Both the District of Delaware and the Southern District of California have extensive

experience adjudicating patent matters of this nature.  This case involves the application of the patent laws of the United States, a task done equally well by either District.  Because the public policies of both fora derive from federal law, this factor does not weigh against transfer and is neutral.

## V.    CONCLUSION

A transfer of venue to the United States District Court for the Southern District of California is warranted and appropriate under 28 U.S.C. § 1404(a).  Each of the private factors to be considered by this Court heavily weighs in favor of a transfer.  Each of the public factors weighs in favor of transfer or is neutral.  Significantly, however, none of the public or private factors weighs against a venue transfer.  For all of the foregoing reasons, the convenience of the parties will be best served by transferring this case to the Southern District of California.

Dated: June 14, 2010

/s/ Mary B. Matterer
Mary B. Matterer (# 2696)'
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
mmatterer@morrisjames.com
*Attorneys for Defendant*
*LIFE TECHNOLOGIES CORPORATION*

OF COUNSEL:

MATTHEW D. MURPHEY
CA State Bar No. 194111
Gordon & Rees LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060
mmurphey@gordonrees.com

ADAM M. TSCHOP
CA State Bar No. 209767
Life Technologies Corporation
5791 Van Allen Way
Carlsbad, CA 92009
Telephone:  (760) 603-7200
Facsimile:  (760) 602-6500
adam.tschop@lifetech.com

13

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.1</u>

Pursuant to Local Rule 7.1.1, counsel for Defendant LIFE certifies that:

1)      Counsel has made a reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion;

2)      LIFE's motion is opposed; and

3)      Counsel for the parties had a telephone conference in which they discussed LIFE's proposed motion to transfer case number 1:10-cv-00031-HB, the relevant status of the law, and Plaintiff BORAM's objections to that motion.  The discussion ended in an impasse, leaving an open issue for the Court to resolve.


Dated: June 14, 2010                         /s/ Mary B. Matterer
                                             Mary B. Matterer (DE SBN 2696)'
                                             MORRIS JAMES LLP
                                             500 Delaware Avenue, Suite 1500
                                             Wilmington, DE 19801-1494
                                             (302) 888-6800
                                             mmatterer@morrisjames.com
                                             *Attorneys for Defendant*
                                             *LIFE TECHNOLOGIES CORPORATION*