IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BORAM PHARM. CO., LTD.,<br><br>        Plaintiff,<br><br>vs.<br><br>LIFE TECHNOLOGIES CORPORATION,<br><br>        Defendant. | C.A. No. 1:10-cv-00031-HB<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF KEVIN LOWITZ IN SUPPORT OF DEFENDANT LIFE TECHNOLOGIES CORPORATION'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

I, KEVIN LOWITZ, declare as follows:

1. I am a Product Manager in the Molecular Biology Systems business unit of Life Technologies Corporation, the defendant in the above-captioned action ("LIFE" or "Defendant"). I make this declaration in support of LIFE's Motion to Transfer Venue Under 28 U.S.C. § 1404(a). I have personal knowledge of the facts set forth herein and if called upon to do so, I could and would competently testify as follows:

2. LIFE manufactures a product commonly known as BaculoDirect™ Baculovirus Expression System (the "Accused Product"). I am informed and believe that the Plaintiff in this action is the alleged assignee of U.S. Patent No. 7,319,001, a patent that is related to technology used to produce and screen recombinant viruses. It is my understanding that Plaintiff alleges that LIFE infringes that patent through its manufacture, marketing and sale of the Accused Product.

1

3. While LIFE is a Delaware corporation, its principal place of business is located at 5791 Van Allen Way, Carlsbad, California. The Accused Product was researched, developed, tested, manufactured in, and sold from LIFE's principal place of business in Carlsbad, California. All of LIFE's documents related to the Accused Product are stored at LIFE's principal place of business. All business decisions regarding the Accused Product – including those related to marketing and sales – are made by members of LIFE's executive management team from LIFE's headquarters in Carlsbad, California.

4. LIFE does not have any business operations in Delaware related to the subject matter of this litigation or the Accused Product. LIFE employs only six Delaware-based employees and those employees have no specific relationship to the Accused Product. LIFE also does not manufacture any of its products (accused or otherwise) or conduct any of its research and development in Delaware. LIFE maintains no warehouses or other storage facilities in Delaware, and it does not store any relevant files, records, or other documents in this District.

5. LIFE has sold a total of 969 units of the Accused Product in the United States to date. LIFE is aware of a mere seven sales of the Accused Product in Delaware, and none of these sales have occurred since 2007. The Accused Product is made in California and there were over ten times more sales of the Accused Product in California than in Delaware.

6. I am informed and believe that any and all LIFE employees, researchers, and managers who would likely be key witnesses in this case work and live within the Southern District of California, including myself and at least the following:

- Ingrid Ensch-Lozano – Product Manager, LIFE, for the Accused Product;

- Balwant Patel – Leader, LIFE Market Development, with marketing responsibility for the Accused Product;
- William Dietrich – Manager, LIFE Market Development, with marketing responsibility for the Accused Product;
- Traci Libby – Director, LIFE Corporate Development, with personal knowledge of in-licensing and acquisition of intellectual property for LIFE;
- Weidong Zheng - Senior Manager, LIFE Global Pricing Analytics, with personal knowledge of information regarding sales of the Accused Product, current Life Technologies employee; and
- Rob Bennett, Tony Kudlicki, Julie Fletcher, and Frederico Kazzen – LIFE employees involved in the Research and Development of the Accused Product.
-

7.   LIFE is also aware of certain non-party witnesses with first-hand knowledge of the events giving rise to this lawsuit who reside or work within 100 miles of the Southern District of California. While LIFE has only begun its investigation of Plaintiff's claims, given LIFE's strong connection to Carlsbad, California, it is reasonable for LIFE to expect to find additional non-party witnesses who also reside or work within the Southern District of California. Additionally, LIFE is unaware of any witnesses with information relevant to this case who reside or work within 100 miles of the District of Delaware.

8.   LIFE would prefer to litigate this matter in the Southern District of California as it is the judicial district embracing LIFE's principal place of business and is a more convenient forum. Given that all of LIFE's key potential witnesses work and live in the Southern District of California, having a trial in that locale would limit disruption

of LIFE's business operations as well as the unnecessary consumption of financial resources associated with travel to and lodging in Delaware. It will be easier to produce any books and records relevant to the Accused Product in the Southern District of California as this is where those documents are regularly stored.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 14th day of June 2010 in Carlsbad, California.

_____
Kevin Lowitz